Ira P. Rothken, State Bar No. 160029
ira@techfirm.net
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone: (415) 924-4250
Facsimile: (415) 924-2905

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| VERDE MEDIA CORP. f/k/a The Verde Media Group, LLC, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>RON LEVI, an individual; ARDESHIR S. AKHAVAN, an individual; HARKLET ENTERPRISES, LTD., a Cyprus limited company; NUNATON COMPANY, LTD., a Cyprus limited company; INTERNET BUSINESS SERVICES, LLC, a limited liability company of unknown origin; NAUTELL CAPITAL LTD., a Cyprus limited company; CASH TRAFFIC LTD., a limited company of unknown origin; ALACRE TRADING LTD., a Cyprus limited company; and DOES 1-20,<br><br>Defendants. | Case No. 3:14-cv-00891-YGR<br><br>**DEFENDANTS NOTICE OF MOTION, MOTION TO QUASH SUMMONS AND COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[F.R.Civ.P. 4, 12(b)(4) and 12(b)(5)]<br><br>DATE: Tuesday, May 20, 2014<br>TIME: 2:00 p.m.<br>Hon. Yvonne Gonzalez Rogers<br>Courtroom 1 - 4th Floor |

# NOTICE OF MOTION AND MOTION TO DISMISS SUMMONS AND COMPLAINT

TO PLAINTIFF VERDE MEDIA CORP. AND TO ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday May 20, 2014, at 2 p.m., or as soon thereafter as the matter may be called, in Courtroom 1 of the United States District Court for the Northern District of California, Oakland Division, Defendants RON LEVI, ARDESHIR S. AKHAVAN, HARKLET ENTERPRISES, LTD., NUNATON COMPANY, LTD., INTERNET BUSINESS SERVICES, LLC, NAUTELL CAPITAL LTD., CASH TRAFFIC LTD., and ALACRE TRADING LTD., will specially appear to move the Court to dismiss the summons and complaint pursuant to F.R.Civ.P. 12(b)(4) (insufficiency of process) and F.R.Civ.P. 12(b)(5) (insufficiency of service of process).

The motion will be made on the following grounds:

1. Plaintiff has failed to have any proper summons issued by the Court as to any Defendant in this action issued by the Court as required by F.R.Civ.P. 4(a) and (b) (the only summons issued, Dkt 5, was issued to the wrong Ron Levi at an incorrect address.)

2. Attempted service of documents on entity defendants by leaving documents with a receptionist at 5146 Douglas Fir Rd, Calabasas, CA 91302 purportedly for Ron Levi is insufficient service because it is not Ron Levi's work address, and neither the receptionist nor Ron Levi is authorized by appointment or by law to receive service of process on behalf of any of the entities as required by F.R.Civ.P. 4(h) or California Code of Civil Procedure 416.10.

3. Attempted service of documents as reflected on the Proof of Service filed (Dkt 11) on Ron Levi, individually, at 4501 Park Monaco Calabasas, CA 91302-1773 is insufficient service as that is not Ron Levi's home address and attempted substituted service at 5146 Douglas Fir Rd, Calabasas, CA 91302 is insufficient service as that is not Ron Levi's work address.

Defendants rely on this Notice of Motion, Motion and Memorandum; on the

Declarations of Katiuska Cruz and Guy Mizrachi; on pleadings on file herein; and on such further argument as may hereafter be submitted.

Dated: March 27, 2014    ROTHKEN LAW FIRM

    /s/ Ira P. Rothken
Ira P. Rothken, CA SBN 160029
Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Summary of Facts Related to Summons and Service

As reflected in the Court docket, Plaintiffs filed the Complaint (Dkt 1) on February 27, 2014 along with one proposed summons (Dkt 2) addressed to "Ron Levi, et al., 4501 Park Monaco Calabasas, CA 91302-1773." The court issued only one summons (Dkt 5) based on the proposed summons (Dkt 2.) On or about March 6, 2014, a process server delivered documents to the legal assistant to Internet Brand, LLC, Katiuska Cruz at 5146 Douglas Fir Rd, Calabasas, CA 91302 purporting to serve the entity defendants, HARKLET ENTERPRISES, LTD., NUNATON COMPANY, LTD., INTERNET BUSINESS SERVICES, LLC, NAUTELL CAPITAL LTD., CASH TRAFFIC LTD., and ALACRE TRADING LTD. (Declaration of Katiuska Cruz ("Cruz Decl.") at 2 and 3.) For each entity, a handwritten summons was delivered. (Declaration of Cruz Decl. at 3.)

Katiuska Cruz is not authorized by appointment or by law to receive service of process on behalf of any of the entities as required by F.R.Civ.P. 4(h) or California Code of Civil Procedure 416.10. (Declaration of Guy Mizrachi at 4). Ron Levi is not authorized by appointment or by law to receive service of process on behalf of any of the entities as required by F.R.Civ.P. 4(h) or California Code of Civil Procedure 416.10 (Guy Mizrachi ("Mizrachi Decl.") at 5). The address at 5146 Douglas Fir Rd, Calabasas, CA 91302, where the documents were delivered, is not Ron Levi's place of business. (Mizrachi Decl. at 6).

## II. Legal Discussion

### A. *Legal standards for a motion to dismiss apply generally to all claims, with additional specific requirements for pleading claims of fraud and RICO claims.*

General legal standards for a motion to dismiss or to quash under F.R.Civ.P. 12(b)(4) and (5) are stated in *Ballon v. Law Offices of Robin W. Enos, et al.,* 2006 U.S. Dist. LEXIS 88575 at 4-5 (S.D. Cal. 2006) ("*Ballon*"):

> *Rule 4 of the Federal Rules of Civil Procedure* prescribe the form requirements for a proper summons and the manner of proper service of the summons. *Fed. R. Civ. Pro. 4*. "A federal court does not have jurisdiction over a defendant unless

the defendant has been served properly under *Fed. R. Civ. Pro. 4*." *Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir.1988)*. *Rule 12(b)(4)* and *Rule 12(b)(5)* motions, while closely related and sometimes used interchangeably, challenge distinctly different elements of process. [2] *See* 5A Wright & Miller, Federal Practice and Procedure, ß 1353, pp. 334-35 (3d ed. 2002).

A motion to dismiss under *Fed. R. Civ. Pro. 12(b)(4)* attacks the sufficiency of process, thus challenging the form of the summons itself. [3] *Fed. R. Civ. Pro. 12(b)(4)*; *Crane v. Battelle, 127 F.R.D. 174, 177 (S.D. Cal. 1989)*. A defect in the form of the summons results from "noncompliance with the provision of *[Fed. R. Civ. Pro] 4(b)* or any applicable provision incorporated by *Rule 4(b)* that deals specifically with the content of the summons." *Wasson v. Riverside County, 237 F.R.D. 423, 424, (C.D. Cal. 2006)* (quoting *United States v. Hafner, 421 F. Supp. 2d 1220, 1223 n.3 (D.N.D.))*.

The Court further explains the focus of a Rule 12(b)(5) motion as follows:

> In contrast, a *Rule 12(b)(5)* motion, which is based on insufficiency of the service of process, does not challenge the form of the summons, but the service of the summons on the defendants. [4] *Fed. R. Civ. Pro. 12(b)(5)*. A *Rule 12(b)(5)* motion is the proper vehicle for challenging the lack of delivery or the failure to comply with the provisions of *Rule 4(d)-(m)*, which outline various requirements of service. *Wasson, 237 F.R.D. at 424*. [*7] The failure to properly serve defendants grants the court broad discretion to dismiss an action pursuant to *Rule 12(b)(5)* or quash service of process in the alternative. *Stevens v. Security Pacific National Bank, 538 F.2d 1387, 1389 (9th Cir. 1976)*; *English v. Krubsack, 371 F. Supp. 2d 1198, 1201 (E.D. Cal. 2005)* (citing *Reynolds v. United States, 782 F.2d 837, 838 (9th Cir. 1986))*. "Where the validity of service is contested, the burden is on the party claiming proper service has been effected to establish the validity of service." *Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005)*.

2006 U.S. Dist. LEXIS 88575 at 6-7

The Court further points out that it may consider material outside the pleadings, stating in footnote 2:

> In deciding upon a *Rule 12(b)(4)* or *Rule 12(b)(5)*, the court may consider materials outside the pleadings. *Travelers Cas. & Sur. Co. v. Telstar Constr. Co., 252 F. Supp. 2d 917, 922-23 (D. Ariz. 2003)*.

2006 U.S. Dist. LEXIS 88575 at 5

**B.     The Only Summons Issued in this Action is Facially Invalid as to All Entity Defendants and Defendant Akhavan**

Federal Rule of Civil Procedure 4(a)(1)(B) requires that the contents of a summons "be directed to the Defendant" and then properly issued by the Court pursuant to F.R.Civ.P. 4(b). Moreover, a separate summons must be issued as to each defendant as provided in F.R.Civ.P. 4(b), which states:

> (b) Issuance. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.

Misnomer of defendant in summons is not mere formal defect, which may be cured by amendment, but is ground for dismissal for insufficiency of process and insufficiency of service of process, resulting in lack of jurisdiction over person. *Sweeney v Greenwood Index-Journal Co.* (1941, DC SC) 37 F Supp 484. One of purposes of former version of Rule 4(b) is to make sure that summons is issued by clerk of court and not by plaintiff or his attorney. *Kramer v Scientific Control Corp.* (1973, ED Pa) 365 F Supp 780, CCH Fed Secur L Rep P 94449, 17 FR Serv 2d 1284.

As the court in *Ballon* stated:

> [W]here there has been a flagrant disregard for the form requirements of *Fed. R. Civ. Pro. 4(a)-(b)*, dismissal may be appropriate because such defects cannot be cured by amendment. *Cloyd v. Arthur Anderson & Co., 151 F.R.D. 407, 409 (D. Utah 1993)* (stating that unsigned, unsealed summons is an incurable defect); 4A Wright & Miller, Federal Practice and Procedure, ß 1088, pp. 462-63; *see also United States v. National Manufacturing, Inc., 125 F.R.D. 453, 455 (N.D. Ohio 1989)* ("Plaintiff's failure to serve defendant with a signed and sealed summons cannot be regarded as a mere oversight that warrants perfunctory amendment."); *Macaluso v. New York State Dep't of Environmental Conservation, 115 F.R.D. 16, 17-18 (E.D.N.Y. 1986)*.

2006 U.S. Dist. LEXIS 88575 at 9-10

In the case of a corporation, Federal Rule of Civil Procedure 4(h)(1) requires that the summons be directed to "an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process" for Defendant. *Id.* As evidenced by the Court Docket, no Summons exists that is directed to any entity Defendant or

5
**DEFENDANTS NOTICE OF MOTION, MOTION TO QUASH SUMMONS AND COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
United States District Court, Northern Dist. of California, No. 3:14-cv-00891-YGR

any Defendant's corporate officers. In fact, only one Summons has been issued in the action, directed at Ron Levi, individually. (Dkt 5) Even if an entity Defendant were identified on such summons, Mr. Levi is nonetheless not a corporate officer of any Defendant. (Mizrachi Decl. at 5.) As to Mr. Akhavan, there has never been a summons issued as to him.

Plaintiff failed to file a copy of what summonses were actually served, which were apparently handwritten by Plaintiff's counsel or process server (Cruz Decl. at 3.) Moreover, Plaintiff has failed to even include the list of documents allegedly served with the Proofs of Service filed (See Dkt 10-17, referencing "See Attached List" but no list is attached.) Accordingly, the summons and complaint should be **quashed** pursuant to Federal Rule of Civil Procedure 12(b)(4).

### C. *Service is defective as to all the entity defendants allegedly served on March 6, 2014.*

Where undisputed evidence shows that the person upon whom process was served is not an agent of defendant and is not authorized to receive service of process issued against such defendant, a motion to **quash** service and to dismiss the defendant from the action should be granted. *Thomas v Furness (Pacific), Ltd.* (1948, CA9 Cal) 171 F2d 434, cert den (1949) 337 US 960, 93 L Ed 1759, 69 S Ct 1522; *Sunbeam Corp. v Payless Drug Stores* (1953, DC Cal) 113 F Supp 31, 97 USPQ 373. Federal Rule of Civil Procedure 4(h) provides the various methods of acceptable service of process on an entity.

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual **[4(e)(1) reads: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made];** or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

<br>

The California provision regarding service, incorporated by F.R.Civ.P. 4(h)(1)(A) and 4(e)(1) is California Code of Civil Procedure Section 416.10 provides:

> 416.10. A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods: (a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable). (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process. (c) If the corporation is a bank, to a cashier or assistant cashier or to a person specified in subdivision (a) or (b). (d) If authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable), as provided by that provision.

Attempting service on a general receptionist, or legal assistant in this case, is not among the approved methods of service in Rule 4. *See Larry M. Rosen & Associates, Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1982)(acceptance of service by receptionist insufficient to demonstrate service to proper agent of corporation). In *Larry M. Rosen*, 465 A.2d at 1117, the D.C. Court of Appeals found service was insufficient, noting: A receptionist in one's office, even if authorized to sign for and open all of the mail, is not necessarily authorized to accept service of process. *Id.* at 1117. Here, as in *Rosen*, service on a legal assistant is insufficient as to all entity defendants. Moreover, Ms. Cruz is a legal assistant for Internet Brand, LLC and not authorized to accept service of process on behalf of any of the defendants. (Cruz Decl. at 1 and 4.) Accordingly, the court should quash service pursuant to Federal Rule of Civil Procedure 12(b)(5).

### D. *Service is defective as to all the individual defendants allegedly served on March 17, 2014.*

As noted above, no proper summons has been issued as to Defendant Akhavan. Accordingly, the purported service on March 17, 2014 is insufficient, even assuming substitute

service could be made on Katiuska Cruz, a legal assistant for Internet Brand, LLC at 5146 Douglas Fir Rd, Calabasas, CA 91302.  As to Defendant Levi, service is insufficient as the address on the summons is not correct and Ron Levi does not have a work address at the location at which substituted service was attempted. (Mizrachi Decl. at 6.)

### III.     Conclusion

For the foregoing reasons, Plaintiff's purported service of summons and complaint on Defendants should be quashed and the action dismissed as to all Plaintiffs.  Moreover, for the reasons set forth in Defendant IBS's motion to dismiss, served and filed contemporaneously herewith, Defendants request that the entire action be dismissed with prejudice as to all Defendants.

Dated:  March 27, 2014                    ROTHKEN LAW FIRM

    /s/ Ira P. Rothken
Ira P. Rothken, CA SBN 160029
Attorneys for Defendants