# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VERDE MEDIA CORP.**, <br><br> Plaintiff, <br> vs. <br><br> **RON LEVI, ARDESHIR S. AKHAVAN, HARKLET ENTERPRISES, LTD., NUNATON COMPANY, LTD., INTERNET BUSINESS SERVICES, LLC, NAUTELL CAPITAL LTD., CASH TRAFFIC LTD., AND ALACRE TRADING LTD.**, <br><br> Defendants. | Case No. 14-cv-00891 YGR <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS (DKT. NO. 18); GRANTING MOTION TO EXTEND DEADLINE FOR SERVICE OF SUMMONS AND COMPLAINT (DKT. NO. 27); DENYING MOTION TO APPEAR BY PHONE (DKT. NO. 40)** |

Plaintiff Verde Media Corporation ("Verde") brings this action alleging claims for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; (4) fraudulent inducement; (5) tortious interference with existing and prospective business relationships; (6) violations of the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; (7) conspiracy to violate RICO; and (8) false advertising in violation of 15 U.S.C. § 1125(a), the Lanham Act, against multiple defendants. Defendants Ron Levi, Ardeshir S. Akhavan, Harklet Enterprises, Ltd., Nunaton Company, Ltd., Nautell Capital Ltd., Cash Traffic Ltd., and Alacre Trading Ltd. ("Moving Defendants") bring the instant motion to quash or dismiss the summons and complaint. (Dkt. No. 18.) Moving Defendants seek to dismiss or quash service as to Verde's original summons and complaint pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, on the grounds that: (1) Verde's original summons was defective; (2) service on individual defendant Ron Levi was insufficient because it was not attempted at his home or office address; and (3) attempted service on the entity defendants, by leaving documents with a receptionist not authorized to receive service of process, was also insufficient.

Verde subsequently filed its Motion to Extend Deadline for Service of Summons and Complaint (Dkt. No. 27), requesting that Verde be given additional time to serve any defendant as to which the Court finds service deficient.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **ORDERS:**

(1) Defendants' Motion to Dismiss pursuant to Rule 12(b)(4) for defective summons is **DENIED AS MOOT**. The amended summonses, issued April 3, 2014, cured the defects that were the subject of the instant motion.

(2) Defendants' Motion to Dismiss or Quash pursuant to Rule 12(b)(5) is **GRANTED IN PART AND DENIED IN PART** as set forth below.[1]

## I. BACKGROUND

Verde is a broker of internet traffic which connects adult website advertisers with publishers and networks in order to increase website traffic and revenue. Verde's complaint alleges that defendants "engaged in a pattern of deceptive practices, including fraud, to mislead [Verde] into brokering key relationships for Defendants, resulting in tens of millions of dollars of Internet traffic being driven to Defendants' adult and dating websites, and millions of dollars in damages to [Verde] when Defendants first avoided, and later flatly refused, payment of the broker commissions owed to [Verde]." (Complaint ¶ 2.)

Verde filed its original complaint on February 27, 2014, naming as defendants Ron Levi, Ardeshir S. Akhavan, Harklet Enterprises, Ltd. ("Harklet"); Nunaton Company, Ltd., ("Nunaton"); Internet Business Services, LLC ("IBS"); Nautell Capital Ltd., ("Nautell"); Cash Traffic Ltd. ("Cash Traffic"); and Alacre Trading Ltd. ("Alacre").[2] Harklet, Nunaton, Nautell, and Alacre are alleged to

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **July 11, 2014**. Thus, the request to appear by phone (Dkt. No. 40) is **DENIED AS MOOT**.

[2] On May 23, 2014, the same day as it filed its response to the motion to quash, Verde filed a First Amended Complaint, naming four new defendants: Kristi Luhar, Guy Mizrachi, Internet Live, LLC, and Internet Brand, LLC. Additional summons were issued as to these new defendants on May 29, 2014. Service as to these new defendants is not at issue in this motion.

be limited companies located in the country of Cyprus. IBS and Cash Traffic are alleged to be limited companies of unknown origin. Verde alleges that individual defendants Levi and Akhavan own and operate a complex collection of domestic, foreign, and international entities, including the named company entity defendants.

With the exception of IBS (which filed a motion to dismiss), all of the defendants named in the original complaint contest service. Verde filed returns of service. (Dkt. Nos. 10-17). As to the individual defendants, the returns of service show several attempts at personal service at home addresses for the individuals, as well as a purported business address, an office on Douglas Fir Road, Calabasas, California. Service was then made by substituted service under California Code of Civil Procedure section 415.20, on "Kat Kruz," a person apparently in charge of the office. The returns of service on the entity defendants indicate that service was made upon "Ron Levi – Person authorized to accept service of process" by leaving documents with "Kat Kruz." The returns of service do not indicate what documents were served, but only reference an "attached list" that is missing from the filed copies.

## II. APPLICABLE STANDARD

Federal Rule of Civil Procedure 4(a)(1)(B) requires that the contents of a summons be directed to the defendant and properly issued by the Court. A separate summons must be issued as to each defendant per Rule 4(b). The plaintiff presents the completed summons to the clerk of the court for signature, seal, and issuance. F.R.C.P. 4(b). Rule 4 further provides that service may be made on an individual in the manner provided under state law or by doing any of the following: (a) delivering a copy of the summons and of the complaint to the individual personally; (b) leaving a copy of each at the individual's usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized to receive service of process. F.R.C.P. 4(e). Where the party to be served is a corporation, partnership or other unincorporated association, service may also be completed by delivering a copy of the summons and complaint to an officer, managing agent, or other agent authorized to receive service of process, among others. F.R.C.P. 4(h). Finally, service on a foreign entity may require compliance with other internationally agreed means of service, such as the Hague Convention. F.R.C.P. 4(f).

A defendant may move to dismiss or quash under Rule 12(b)(4) for a defect in the summons itself and under Rule 12(b)(5) for insufficient service of process. While Rule 4's requirements for the form and contents of the summons itself are construed liberally, requirements for the manner of service are strictly interpreted. *Mid-Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 300 (7th Cir. 1991). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid." *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004). Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action is the appropriate course. *Umbenhauer v. Woog*, 969 F.2d 25, 30-31 (3rd Cir. 1992).

**III.   DISCUSSION**

As to the motion under Rule 12(b)(4), Verde essentially concedes the original summonses were improper. The summonses issued with the original complaint were defective because they named only Defendant Ron Levi, omitting any reference to any other defendants. On the copies of the summons provided to Cruz at the time of the putative service, additional defendants' names were apparently handwritten on a copy of the original, Clerk-issued summons. (Declaration of Katiuska Cruz at ¶ 3.) Plainly, the form of summons served on Cruz did not comply with Rule 4. However, the deficiencies of form were cured with the issuance of amended summonses.[3] Subsequent to the filing of the instant motion, on April 3, 2014, Verde submitted, and the Court issued, amended summonses for each defendant named in the original complaint. Thus, the motion to quash based on a defective form of summons, while meritorious, is now moot.

More significant is Verde's failure to establish that the *manner* in which it served the Moving Defendants was proper. First, as to Ron Levi, the evidence in the record indicates that he does not maintain a business address at the Calabasas office. (Declaration of Guy Mizrachi at ¶¶ 1, 2, 6.) Thus, service on Levi as an individual, by attempts at personal service at the Calabasas office as his business address, and by leaving a copy there as substitute service, is insufficient.

---

[3] It is unclear from the record whether the amended summonses have actually been served. Regardless, that fact is not at issue in the instant motion.

4

1  The evidence also indicates that Levi is not, and was not at the time of the service attempts, a corporate officer or a person authorized to receive service of process for any of the entity defendants. (*Id.* at ¶ 5.) Thus, attempts to serve the entity defendants by serving Levi, through Cruz, do not effect proper service of process. Further, the uncontroverted evidence demonstrates that Cruz is not a person authorized to receive service of process for any of the entity defendants. In her declaration, Cruz indicates that she is a legal assistant at Internet Brand, LLC (not named as a defendant at the time of the motion), working at the Calabasas address.

In its opposition, Verde contends only that it is "informed and believes" that each of the Moving Defendants is doing business out of the Calabasas address. This belief alone is not enough to create an evidentiary issue as to Levi or the entity defendants, given the evidence provided by the Moving Defendants.

Verde's argument that it requested Moving Defendants waive service pursuant to Rule 4(d)(1), and withdrew that request when Moving Defendants requested withdrawal as a condition of participating in an early mediation (*after* the filing of the motion to quash), is without effect. Failure to sign a waiver does not relieve Verde of its responsibility to ensure service of process has been effected. *Cf.* F.R.C.P. 4(d)(2) (providing for costs of service if defendant located within the United States fails to comply with a request for waiver)

Verde also argues that its attempt at substitute service should be considered proper because "Mizrachi does not provide any alternative addresses for Levi or the Corporate Defendants to support his statement that they do business at a location other than the Douglas Fir Office." (Pl.'s Opp'n 6:17-20). It is Verde's burden to establish that it has effected service. Absent a failure to provide responses to a proper discovery request, Mizrachi and Internet Brand, LLC, are under no obligation to provide address information for other, unserved defendants.

As to Defendant Akhavan, the Moving Defendants submit no evidence refuting the propriety of substitute service by attempting at personal service, and leaving a copy, at the Calabasas address. Indeed the motion focuses only the defective summons issue with respect to Akhavan. California state law allows service to be left with a "person apparently in charge of the office or place of business," after reasonable attempts to satisfy the personal service requirement. Cal. Code Civ. Proc.

§ 415.20. Because the *prima facie* evidence of service on Akhavan in the return of service filed with the Court is not refuted by the Moving Defendants, the Motion to Quash as to Defendant Akhavan is **DENIED**.

## IV. CONCLUSION

Accordingly, the Motion to Dismiss pursuant to Rule 12(b)(4) for defective summons is **DENIED AS MOOT**; and the Motion to Dismiss or Quash pursuant to Rule 12(b)(5) for insufficient service of process is **GRANTED** as to Defendants Ron Levi, Harklet Enterprises, Ltd., Nunaton Company, Ltd., Nautell Capital Ltd., Cash Traffic Ltd., and Alacre Trading Ltd., and **DENIED** as to Defendant Ardeshir Akhavan. Service as to Defendants Ron Levi, Harklet Enterprises, Ltd., Nunaton Company, Ltd., Nautell Capital Ltd., Cash Traffic Ltd., and Alacre Trading Ltd. is **QUASHED**.

Based upon Verde's unopposed request and the interests of justice, the Court **GRANTS** Verde's Motion for an Extension of Time to Serve Moving Defendants who were not served properly. Verde has an additional **120 days** from the date of this Order to serve Defendants Ron Levi, Harklet Enterprises, Ltd., Nunaton Company, Ltd., Nautell Capital Ltd., Cash Traffic Ltd., and Alacre Trading Ltd.

This terminates Docket Nos. 18, 27, 40.

**IT IS SO ORDERED.**

Date: July 9, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**