United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VERDE MEDIA CORP.**, <br> Plaintiff, <br> v. <br> **RON LEVI, ET AL.**, <br> Defendants. | Case No. 14-cv-00891-YGR <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND** <br><br> Re: Dkt. No. 94 |

On March 4, 2015, the defendants moved to dismiss the Second Amended Complaint for failure to state a claim. (Dkt. No. 94 ("Mot.").) The plaintiff opposed the motion. (Dkt. No. 96 ("Oppo.").) The motion was heard on May 5, 2015.

The Court previously granted a motion to dismiss the plaintiff's First Amended Complaint with leave to amend. *Verde Media Corp. v. Levi*, No. 14-CV-00891, 2015 WL 374934 (N.D. Cal. Jan. 28, 2015). In its Second Amended Complaint, the plaintiff asserts six counts: (i) Breach of Contract; (ii) Breach of the Implied Covenant of Good Faith and Fair Dealing; (iii) Unjust Enrichment/Restitution; (iv) Fraudulent Inducement; (v) Violation of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"); and (vi) Conspiracy to Violate RICO. (Dkt. No. 92 ("SAC").)[1] As the Court previously noted, because diversity jurisdiction is lacking, the only basis for the Court to hear the state law claims is supplemental jurisdiction. Thus, if the RICO claims fail, and leave to amend is not granted, the entire case will be dismissed.

---

[1] The SAC lists the RICO counts as the sixth and seventh causes of action, however there is no fifth. For purposes of clarity, the Court renumbered the causes of action herein. Counts I and II are asserted against the corporate defendants. Counts III-V are asserted against all defendants. Count VI is asserted against defendants Ardeshir S. Akhavan and Ron Levi.

Having carefully considered the papers submitted, the record in this case, and the arguments of counsel, and good cause shown, the Court hereby **GRANTS** the defendants' motion and **DISMISSES** the Second Amended Complaint **WITHOUT LEAVE TO AMEND**. The plaintiff's RICO claims (Counts V and VI) are **DISMISSED WITH PREJUDICE**. The remaining claims, arising under state law, are **DISMISSED WITHOUT PREJUDICE**.

## I.  BACKGROUND

Generally, this lawsuit relates to a purported web traffic referral agreement under which plaintiff was allegedly paid only $5,000 of the millions it was owed for brokering referrals to defendants' adult-oriented websites. The relevant background was recounted in substantial detail in the Court's January 28, 2015 Order, which dismissed the First Amended Complaint with leave to amend. *Verde Media Corp.*, 2015 WL 374934 at *2-3. In its Second Amended Complaint, among other changes, the plaintiff: (1) abandoned its previously asserted (and apparently baseless) RICO predicates other than wire fraud; (2) included some additional detail regarding the instant messages that serve as the basis for the purported wire fraud; (3) accused a more limited set of defendants; (4) removed a claim under the Lanham Act; (5) removed a claim for tortious interference; and (6) added allegations, typically conclusory in nature, regarding an alter ego theory. The Court recounts the factual allegations relevant to the present motion:

In a series of instant message[2] exchanges between the plaintiff's principal Jeremy Greene and defendant Ardeshir S. Akhavan (purportedly acting on behalf of all defendants) over a two-day period (November 6-7, 2012), Akhavan allegedly made a series of false representations that: (1) the defendants were a single company, not multiple entities; (2) the defendants intended to pay the plaintiff a fee for all income earned as a result of referrals from the plaintiff; and (3) the defendants would compensate the plaintiff for referrals of entities "previously enrolled with [the defendants], but . . . not actively driving substantial traffic to [the defendants' websites] at the time of the [r]eferral." (SAC ¶¶ 60-74, 78, 129.) The SAC provides only the following excerpts[3] of

---

[2] The SAC references "instant message . . . and electronic mail" as dual avenues of wire fraud, however the specific allegations relevant to wire fraud relate only to instant messages.

[3] The complaint also includes observations regarding the username and email address

2

1  instant messages[4] from defendant Akhavan in an attempt to plead a pattern of wire fraud as a
2  RICO predicate:

3  - "Akhavan stated that 'scott runs the dating department… and adam and fabian are
4    also part of that team,' indicating that Defendants' business was a single entity with
5    a single 'dating department,' even though Defendants' adult dating websites are
6    technically owned by numerous different corporations." (*Id.* ¶ 64)
7  - "Akhavan stated that 'we work [with everyone] in the biz, no reason we aren't
8    working together,' even though the Defendants' business is spread across numerous
9    business entities, making it unlikely that any single entity works with 'everyone' in
10    the biz, regardless of colloquial meaning." (*Id.*)
11 - "Akhavan stated, 'but basically i need marketing people, but also good ole
12    fashioned sales people / brokers etc.'" (*Id.* ¶ 66.)
13 - "Greene asked, 'what do you guys offer for brokers? On all the deals I have done
14    besides [name redacted],[5] I got a small fee for the first 3 months so I could put a
15    tone of time into it and be paid til the accounts started making money. Is that
16    something you guys would be ok with . . . ,' to which Akhavan responded,
17    'honestly dude, I don't even think that short term lol . . . lets just make it happen
18    . . . you tell me what you need to make a successful attempt / and we can give it a
19    go.'" (*Id.*)
20 - "Akhavan stated 'you can start [whenever] buddy / just shoot me an invoice for
21    your service fees / I'll get that paid for ya and we can begin.'" (*Id.*)
22 - "Greene asked 'just so I know what to base the invoice off of, once volume is up,

---

allegedly used by defendant Akhavan and notes his purported (1) agreement to pay "Greene" (not a party to this litigation) for referrals and (2) failure to disclose certain potentially relevant information. (SAC ¶¶ 60-74.)

[4] All errors in the original.

[5] The plaintiff has apparently not provided the defendants (or the Court) with an un-redacted version of the SAC.

3

what per sale will I get? I usually get like $10/sale,' to which Akhavan responded 'really depends man, we usually do 10% of payout / so I can do 10$.'" (*Id.*)

- ". . . Greene explained that he could bring a list of his contacts to Defendants to 'see who I can and cant touch,' and Akhavan responded 'sounds good dude / im sure we work with a lot of people already but any that we are not or not getting the max out of I would be [down] for you to rep, no problem.'" (*Id.* ¶ 69.)

## II.     LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.*

4

1  at 678-79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is

2  not required to accept as true "allegations that are merely conclusory, unwarranted deductions of

3  fact, or unreasonable inferences").

4      Additionally, Rule 9 establishes a heightened pleading standard for allegations of fraud.

5  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the

6  circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a

7  person's mind may be alleged generally."); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)

8  (To be alleged with particularity under Rule 9(b), a plaintiff must allege "the 'who, what, when,

9  where, and how'" of the alleged fraudulent conduct.); *see also Tatung Co. v. Shu Tze Hsu*, No. 13-

10 cv-01743, 2014 WL 4306561, at *18 (C.D. Cal. Sept. 2, 2014) (applying Rule 9(b)'s heightened

11 pleading standard to state law claims brought in federal court). Moreover, where a plaintiff

12 alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as

13 the basis of a claim[,] . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the

14 pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v.

15 Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103-04, 1106 (9th Cir. 2003) (holding "the

16 circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of

17 the particular misconduct [alleged] so that they can defend against the charge and not just deny

18 that they have done anything wrong" (internal quotations and citations omitted)).

### III. DISCUSSION

20     As a threshold matter, the Court addresses the adequacy of the two remaining federal law

21 claims (under RICO) because, as previously noted, "unless federal claims ultimately survive, [the

22 Court] will decline to exercise supplemental jurisdiction over the state law claims." *Verde Media

23 Corp.*, 2015 WL 374934, at *7 (N.D. Cal. Jan. 28, 2015) (citing *Wade v. Regional Credit Assoc.*,

24 87 F.3d 1098, 1101 (9th Cir. 1996)).

#### A. Substantive RICO Violation—18 U.S.C. § 1962(c)

26     Under section 1962(c), "[i]t shall be unlawful for any person employed by or associated

27 with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such

28 enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a

claim, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (*en banc*). Rule 9(b)'s pleading requirements apply to RICO claims involving fraudulent conduct. *See Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 541 (9th Cir. 1989) (requiring the complaint "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation").

Here, the plaintiff has failed to plead specific facts establishing a *pattern* of racketeering activity. The SAC generally alleges, and in a conclusory manner, the defendants' use of "a complex web of domestic and foreign corporations through which liability and cash flow are untraceable." (SAC ¶ 127.) However, there are no specific allegations of any predicate acts other than wire fraud by the defendants. (*See* Oppo. at 9.) "The elements of wire fraud are: (1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud." *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013). The plaintiff apparently believes a series of vague instant messages—sent over the course of *two days*, relating to a single purported scheme, and evincing no clear threat of repetition—constitutes a pattern of racketeering activity under the statute. The Court disagrees. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989) ("Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity prong of the pattern] requirement: Congress was concerned in RICO with long-term criminal conduct."); *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) ("[W]hile two predicate acts are required under the Act, they are not necessarily sufficient."). Each discrete instant message at issue was sent over a short period of time in the course of communications between one sender and one recipient. Each involved—at most—another link in the chain of an alleged fraud, whereby defendant Akhavan attempted to induce the plaintiff to deliver referrals in the absence of any intent on the part of Akhavan to provide the promised compensation in return. Such allegations are insufficient to establish RICO liability even if pled with particularity under Rule 9(b). Many of the relevant allegations, however, still lack the requisite detail. Thus, this claim fails and is **DISMISSED WITH PREJUDICE**.

### B. Conspiracy to Violate RICO—18 U.S.C. § 1962(d)

"To establish a violation of section 1962(d), Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). In *Howard*, the Ninth Circuit affirmed the district court's holding "that the failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy." *Id.*; *see also Turner*, 362 F.3d at 1231 n.17 (same). Accordingly, because plaintiff has failed to allege the requisite elements of a substantive RICO violation under section 1962(c), its claim for conspiracy under section 1962(d)—which is premised upon the claimed 1962(c) violation—also fails and is **DISMISSED WITH PREJUDICE**.

### C. State Law Claims

Having dismissed the only remaining federal law claims with prejudice, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and therefore those claims are **DISMISSED WITHOUT PREJUDICE**. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

### D. Leave to Amend

Leave to amend is liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). One exception to this general rule of permissiveness, however, is where amendment would be futile. *Foman*, 371 U.S. at 182; *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). The plaintiff was previously granted leave to amend, with the Court noting the First Amended Complaint fell far short of successfully pleading its RICO claims. Nevertheless, the Second Amended Complaint still failed to allege sufficiently a *pattern* of racketeering activity. At the hearing, the plaintiff pointed to no other facts or theories warranting leave to amend. Thus, the Court finds that granting such leave would be futile.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the defendants' motion and the case is **DISMISSED WITHOUT LEAVE TO AMEND**. The plaintiff's RICO claims (Counts V and VI) are **DISMISSED WITH PREJUDICE**. The remaining claims, arising under state law, are **DISMISSED WITHOUT PREJUDICE**. The defendants shall prepare and file a proposed form of judgment, approved as to form by the plaintiff, within five (5) business days from the date of this Order.

This Order terminates Docket Number 94.

**IT IS SO ORDERED.**

Dated: May 18, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**